**Bernard O. JACKMON, Plaintiff–Appellant,**

v.

**S. MANABE; et al., Defendants–Appellees.**

No. 00–16957.

D.C. No. CV–98–01298–DFL.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002.*

Decided Jan. 23, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Bernard Jackmon, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging denial of due process, retaliation, and Eighth Amendment violations. We have jurisdiction pursuant to 28 U.S.C. 1291. We review the district court's summary judgment de novo. *Robi v. Reed,* 173 F.3d 736, 739 (9th Cir.1999). We affirm.

The record shows that defendants timely moved for summary judgment more than twenty days after commencement of the action and Jackmon received adequate notice and an opportunity to respond to the motion. *See* Fed.R.Civ.P. 56(a); *Rand v. Rowland,* 154 F.3d 952, 960 (9th Cir.1998) (en banc). The district court, therefore, properly considered the defendants' summary judgment motion. *See G & G Fire Sprinklers v. Bradshaw,* 156 F.3d 893, 904–05 (9th Cir.1998).

Because Jackmon never submitted a Rule 56(f) declaration indicating why he needed further discovery, the district court did not abuse its discretion by denying Jackmon's motion to extend the discovery period. *See* Fed.R.Civ.P. 56(f); *Qualls v. Blue Cross of Cal., Inc.,* 22 F.3d 839, 844 (9th Cir.1994).

The district court properly granted summary judgment on Jackmon's due process claim because the Deuel Vocational Institution's investigation of alleged death threats made by Jackmon, though flawed, afforded Jackmon all the procedural protections set forth in *Wolff v. McDonnell,*

---

418 U.S. 539, 563, 566, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

The district court properly granted summary judgment on Jackmon's Eighth Amendment claims because he failed to create a genuine issue of material fact as to whether his conditions of confinement violated the Eighth Amendment. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir.1997).

The district court properly concluded that Jackmon's conclusory statements that defendants retaliated against him for filing a grievance were insufficient to create a genuine issue of material fact. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

Jackmon's remaining contentions lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

** This disposition is not appropriate for publication and may not be cited to or by the